# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SB DIVERSIFIED PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL MURCHINSON, dba THE TRAP MAKER, <br><br> Defendant. | CASE NO. 12-CV-2328-IEG (MDD) <br> **ORDER**: <br> 1. **DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE;** <br> 2. **DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF DECLARATORY JUDGMENT JURISDICTION;** <br> 3. **GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITHOUT PREJUDICE; AND** <br> 4. **GRANTING PLAINTIFF LEAVE TO AMEND.** <br> [Doc. No. 8] |

Before the Court is Defendant Michael Murchinson's motion to dismiss Plaintiff SB Diversified Products, Inc.'s complaint on grounds of improper venue, lack of subject matter jurisdiction, and failure to state a claim. [Doc. No. 8.] For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This is a dispute between competitors in the squirrel trap market, arising from Defendant's allegedly misleading comments emailed and posted online in regard to

Plaintiff's "Squirrelinator" trap. [*See* Doc. No. 1.] Plaintiff is a squirrel trap maker based in based in Vista, California, and has sold the Squirrelinator product since September 2005. [*Id.*] Defendant is a competing squirrel trap maker and inventor based in Red Bluff, California, who sells and distributes his own "Black Fox" product and owns Unites States Patent No. 7,866,086 (the "'086 Patent"). [*Id.*]

Around June 2009, Defendant began emailing Plaintiff's customers and distributors negative commentary in regard to Plaintiff's Squirrelinator product, *e.g.*, asserting that the Squirrelinator is inferior to the Black Fox and infringes the '086 Patent, as well as videos purporting to show the Squirrelinator malfunctioning. [*See Id.* at 3-5.] Defendant also posted similarly disparaging comments in regard to the Squirrelinator on websites including Amazon.com and eBay.com. [*Id.* at 4-5.]

Plaintiff alleges that Defendant's emailed and online comments and statements constitute false advertising and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1121, unfair competition under California's Unfair Competition Law ("UCL"), Cal. Business and Professions Code § 17200, and seeking declaratory relief as provided under the Declaratory Judgment Act, 28 U.S.C. § 2201. [*Id.* at 5-7.] By the present motion, Defendant moves to dismiss on grounds of:

(A) improper venue;

(B) lack of "declaratory judgment jurisdiction"; and

(C) failure to state a claim under the Lanham Act or the UCL.

[*See* Doc. No. 8.]

## DISCUSSION

**A.  Motion to Dismiss for Improper Venue**

Defendant contends that the Southern District of California is an improper venue for this action. [*See* Doc. No. 8 at 1-3.] Under the general venue statute 28 U.S.C. 1391(b), case such as this, "wherein jurisdiction is not founded solely on diversity of citizenship," "may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Juniper Networks,*

*Inc. v. Juniper Media, LLC*, 2012 WL 160248, at *5 (N.D. Cal. Jan. 17, 2012) (internal quotation omitted).

"[U]nder the Lanham Act, a 'substantial part' of the events giving rise to the claims occur in any district where consumers are likely to be confused by the accused goods, 'whether that occurs solely in one district or in many.'" *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1128 (C.D. Cal. 2009). "In evaluating venue in cases involving internet [content], . . . courts have looked to whether the defendant could be said to have 'entered' the district in a way that would create confusion for plaintiff's customers." *Adobe Systems Inc. v. Childers*, 2011 WL 566812, at *8 n.5 (N.D. Cal. Feb. 14, 2011) (quoting *Dakota Beef, LLC v. Pigors*, 445 F. Supp. 2d 917, 920 (N. Ill. 2006)). Pertinent "website [content] coupled with even a small number of sales in the district can support a finding that venue is proper." *Id.* at *8 n.5; *see also Allstar Marketing Group*, 666 F. Supp. 2d at 1130 ("'modest' amount of sales" within a district "is sufficient to support venue in a particular district."). Moreover, even without sales in fact occurring, affirmative marketing activity within a district can suffice. *See Radical Products, Inc. v. Sundays Dist.*, 821 F. Supp. 648, 650 (W.D. Wash. 1992) (although no sales occurred in the district, venue proper since defendant mailed advertising brochures into the district.); *Sidco Industries, Inc. v. Wimar Tahoe Corp.*, 768 F. Supp. 1343, 1346-1347 (D. Or. 1991) (mailing advertising brochures into the district sufficient to establish venue).

Here, it is undisputed that Defendant's allegedly false online postings and emailed statements concerning the accused product reached into the Southern District. [Doc. No. 1 at 4-5.] Moreover, both Defendant's own product (the Black Fox) and that of Plaintiff (the Squirrelinator) are sold within the Southern District. [*Id.*] These circumstances suffice to render venue proper in the Souther District. *See, e.g.*, *Juniper*, 2012 WL 160248, at *5. As such, Defendant's motion to dismiss for improper venue is **DENIED**.

///

### B. Motion to Dismiss for Lack of Declaratory Judgment Jurisdiction

Defendant's motion to dismiss for a lack of jurisdiction rests on a misnomer: "declaratory judgment jurisdiction." [*See* Doc. No. 8 at 3-8.] As discussed below, the Declaratory Judgment Act does not confer jurisdiction; it merely confers remedial discretion. *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011). And, here, declining to entertain the remedy of declaratory judgment would be an abuse of discretion. Accordingly, Defendant's arguments premised on the Declaratory Judgment Act fail to warrant dismissal.

"Generally, district courts have a virtually unflagging obligation . . . to hear jurisdictionally sufficient claims." *Id*. (internal quotation omitted). "The [Declaratory Judgment Act] relaxes this obligation in cases where a party seeks declaratory relief. It provides that 'any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Id*. (quoting 28 U.S.C. § 2201(a)). In effect, "Congress enlarged the range of remedies available" yet gave "district courts the discretion to decline to exercise the conferred remedial power." *Id*. at 852, 853.

Courts "have, at times, characterized th[is] discretion . . . as the ability to 'accept' or 'decline' 'discretionary' jurisdiction, or to decide whether to 'exercise jurisdiction,' in an action seeking declaratory relief." *Id*. (quotations omitted). . "[H]owever, it is imprecise to describe the discretion provided by the [Declaratory Judgment Act] in terms of jurisdiction" because "discretionary jurisdiction language implicitly and inaccurately suggests that the [Declaratory Judgment Act] confers jurisdiction that the federal courts have the discretion to decline." *Id*. at 853 (internal quotation omitted). To the contrary, the Declaratory Judgment Act "does not confer jurisdiction, and therefore does not afford the opportunity to decline it." *Id*. at 853. Rather, "federal courts have discretion under the [Declaratory Judgment Act] only as to whether to award declaratory relief pursuant to the jurisdiction that they must properly derive from the underlying controversy between the litigants."

*Id.* (internal quotation omitted). "Put another way, the [Declaratory Judgment Act] gave district courts the discretion to provide a type of relief that was previously unavailable, but did not [alter] the general conditions necessary for federal adjudication (*e.g.*, a federal question or diversity of citizenship)." *Id*.

Plaintiff's Lanham Act claims plainly establish federal question jurisdiction. *See Sign Designs, Inc. v. Johnson United, Inc*., 2011 WL 1549396, at *2 (E.D. Cal. April 21, 2011) ("A claim arising under the Lanham Act states a federal question.") (citing *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996)). As such, Defendant's jurisdictional arguments are inapt; there is no question as to whether jurisdiction is proper. The only question is whether the Court should decline to exercise its remedial power to award declaratory relief. The Court should not so decline. Where, as here, "the same action contains claims for both monetary and declaratory relief, the district court should not, as a general rule, . . . decline to entertain the claim for declaratory relief." *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 976 (9th Cir. 2011) (internal quotation omitted). Unless the monetary claims are dependent on the claim for declaratory relief, "in the sense that [they] could not be litigated in federal court [] if no declaratory claim had been filed," declining to entertain declaratory relief would constitute an abuse of discretion. *United Nat. Ins. Co. v. R&D Latex Corp*., 242 F.3d 1102, 1112-1114 (9th Cir. 2001). Because Plaintiff's Lanham Act claims present federal questions and thus could undoubtedly be litigated in federal court regardless of the presence of any claim for declaratory relief, declining to entertain Plaintiff's claim for declaratory relief would constitute an abuse of discretion. *Id*. Accordingly, the Court will not exercise its remedial discretion to decline entertaining Plaintiff's claim for declaratory relief. At bottom, whether construed in terms of jurisdiction or remedial discretion, dismissal premised on the Declaratory Judgment Act is unwarranted and thus **DENIED**.

**C.    Motion to Dismiss for Failure to State A Claim**

Defendant contends Plaintiff fails to state a claim under either the Lanham Act

or the UCL. [Doc. No. 8 at 9-14.] Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But the plausibility standard "does not require [courts] to flyspeck complaints looking for any gap in the facts." *Lacey v. Maricopa County*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citing *Iqbal*, 556 U.S. at 677-78). "'Specific facts are not necessary.'" *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (plausibility standard does not require "the who, what, when, where, and how of the misconduct alleged."). Nor is "[t]he standard at this stage . . . that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). "The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* at 1217 (quoting *Iqbal*, 556 U.S. at 681).

**1.     Lanham Act Claims**

"Under the Lanham Act, a 'prima facie case requires a showing that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false

statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product.'" *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1052 (9th Cir. 2008) (quoting *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir.2002)). "To constitute commercial advertising or promotion, a statement of fact must be: (1) commercial speech; (2) by the defendant who is in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services[; and, though] the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.'" *Id.* at 1054.

Here, Plaintiff fails to state a claim under the Lanham Act because the alleged statements do not constitute commercial speech. "Although the boundary between commercial and non-commercial speech has yet to be clearly delineated, the core notion of commercial speech is that it does no more than propose a commercial transaction." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1017 (9th Cir. 2004). "If speech is not 'purely commercial'—that is, if it does more than propose a commercial transaction—then it is entitled to full First Amendment protection . . . and is, therefore, non-commercial." *Id*. As alleged, Defendant's purported statements criticize Plaintiff's product but do not propose any commercial transaction. [Doc. No. 1 at 3-5.] As such, these statements do not constitute commercial speech. *Nissan*, 378 F.3d at 1017 ("Negative commentary about [Plaintiff] does more than propose a commercial transaction and is, therefore, non-commercial."); *see also Bernard v. Donat*, 2012 WL 525533 (N.D. Cal. Feb. 16, 2012) (rejecting argument that "statements are 'commercial speech' simply because they were made on 'commercial websites'"). Because amendment is not necessarily futile, Plaintiff's Lanham Act false advertising claims are hereby **DISMISSED**

**WITHOUT PREJUDICE**.

## 2. Unfair Competition Law Claims

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200. "In order to assert a claim under the UCL, a person must have "[] suffered injury in fact and has lost money or property as a result of such unfair competition." *Rondberg v. McCoy*, 2009 WL 3017611, at *5 (S.D. Cal. Sept. 21, 2009) (quoting Cal. Bus. & Prof.Code § § 17204 & 17535)); *see also TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 n.1 (9th Cir. 2011) ("Plaintiffs filing an unfair competition suit must prove a pecuniary injury and 'immediate' causation.") (citing *Hall v. Time Inc.*, 158 Cal. App. 4th 847 (2008) and *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009)). Here, Plaintiff fails to allege any facts showing lost money or property as a result of Defendant's conduct and thus fails to state a claim under the UCL. *Rondberg*, 2009 WL 3017611, at *5. Because amendment is not necessarily futile, Plaintiff's UCL claims are **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

- Dismissal for improper venue is **DENIED**;
- Dismissal for lack of "declaratory judgment" jurisdiction is **DENIED**;
- Dismissal for failure to state a claim is **GRANTED**.
- Plaintiff is granted leave to file an amended complaint <u>no later than Monday, August 26, 2013</u>.

**IT IS SO ORDERED.**

**DATED:** July 23, 2013

**IRMA E. GONZALEZ**
**United States District Judge**